# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**THOMAS M. KOWALICK**,
305 South Glenwood Trail
Southern Pines, North Carolina 28387
Email: tkowalick48@gmail.com
*Plaintiff*,

v.

**NATIONAL HIGHWAY TRAFFIC SAFETY ADMINISTRATION**, et al.,
1200 New Jersey Avenue SE
Washington, D.C. 20590,
*Defendants*.

Case No. ____________________

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF UNDER THE ADMINISTRATIVE PROCEDURE ACT (5 U.S.C. § 706(1))**

Case: 1:26–cv–02587
Assigned To : Sooknanan, Sparkle L.
Assign. Date : 7/16/2026
Description: Pro Se Gen. Civ. (F–DECK)

Plaintiff Thomas M. Kowalick hereby files this Complaint for Injunctive and Declaratory Relief against the National Highway Traffic Safety Administration ('NHTSA'), the U.S. Department of Transportation, and Sean Duffy, in his official capacity as Secretary of Transportation, pursuant to the Administrative Procedure Act ('APA'), 5 U.S.C. § 701 et seq. Defendants have unlawfully withheld and unreasonably delayed final adjudication of Plaintiff's formal whistleblower award applications, which have remained stalled for nearly ten (10) years since the original submission on December 22, 2016, and have further met Plaintiff's timely January 31, 2025 Petition for Reconsideration with complete regulatory silence.

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1361 (mandamus), and 5 U.S.C. §§ 702 and 706 (Administrative Procedure Act).
2. Venue is proper in this district under 28 U.S.C. § 1391(e) because Defendants are agencies of the United States and federal officers operating in Washington, D.C., and a substantial part of the events or omissions giving rise to the claim occurred in this district.

## II. PARTIES

3. Plaintiff Thomas M. Kowalick is a mechatronic safety standards pioneer, the long-standing Chairman of the IEEE 1616 Global Motor Vehicle Event Data Recorder Working Group, and a resident of Southern Pines, North Carolina.
4. Defendant National Highway Traffic Safety Administration ('NHTSA') is an administrative agency within the U.S. Department of Transportation responsible for highway safety and mechatronic standard enforcement.
5. Defendant U.S. Department of Transportation ('USDOT') is an executive department of the United States.
6. Defendant Sean Duffy is the Secretary of Transportation, sued in his official capacity as the head of USDOT.

RECEIVED
JUL 16 2026
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

## III. STATEMENT OF THE FACTS

### A. Plaintiff's Pioneering Disclosures and the Standard-Setting Record

7. Working in coordination with federal safety officials, including former NTSB Chairman Jim Hall, Plaintiff spearheaded the creation of the universal open-access Event Data Recorder (EDR) standard (IEEE 1616) to ensure the unadulterated preservation of collision data for public safety and motorist data sovereignty.

### B. The Toyota and General Motors Evidentiary Smoking Guns

8. In 2010, Plaintiff voluntarily and independently disclosed to NHTSA a critical software bug in the Toyota EDR Readout Tool (ROT / ROI) that caused the device to output false and erroneous speed data during sudden unintended acceleration (SUA) crashes, shattering the automaker's defense that EDR telemetry blamed the drivers.

9. In April 2014, Plaintiff independently discovered and analyzed covert General Motors ignition switch blueprints (specifically Eaton drawings 741-79378 and 741-75259), which Clarence Ditlow of the Center for Auto Safety termed 'Smoking Gun' documents. Plaintiff's disclosures directly enabled the USDOT and USDOJ to secure $2.1 Billion in mechatronic safety sanctions, serving as the direct catalyst for the Motor Vehicle Safety Whistleblower Act.

### C. Exhaustion of Administrative Remedies and Counsel's Advice to Hold

10. Plaintiff formally filed his initial whistleblower award claim regarding GM through Edwards Kirby LLP on December 22, 2016. At that time, Plaintiff's legal counsel explicitly advised him to hold the formal submission of the Toyota mechatronic claim until there was some determination or action by the agency on the GM claim.

11. However, Respondents delayed the promulgation of final whistleblower regulations (49 CFR Part 513) for nearly a decade, only issuing the final rule in December 2024. Throughout this entire period, no standardized Form WB-INFO existed, and the GM claim remained completely stalled. The agency's failure to provide an adjudication mechanism for GM directly blocked the timely processing of the Toyota claim.

12. Following the issuance of the final rules, Plaintiff timely filed a formal Petition for Reconsideration on January 31, 2025 (Docket No. NHTSA-2023-0014), challenging the agency's arbitrary 'December 4, 2015' retroactive cutoff loophole that retroactively locks out the very pioneers who delivered the mechatronic evidence. Defendants have met this petition with total regulatory silence. Consequently, on July 14, 2026, Plaintiff formally submitted his Toyota whistleblower claim (Form WB-INFO) to NHTSA, officially exhausting all administrative channels.

## IV. CLAIM FOR RELIEF: VIOLATION OF THE APA (5 U.S.C. § 706(1))

### The Agency's Delay Is Unreasonable Under the TRAC Factors

13. Under 5 U.S.C. § 706(1), courts must compel agency action unlawfully withheld or unreasonably delayed. The D.C. Circuit evaluates administrative delay using the six-factor test established in *Telecommunications Research & Action Center v. FCC (TRAC)*, 750 F.2d 70 (D.C. Cir. 1984). Every factor heavily favors Plaintiff:

**1. The Rule of Reason:** A delay of nearly ten (10) years since Plaintiff's original 2016 GM filing, and the agency's systemic decadelong delay in establishing the whistleblower program—which directly forced Plaintiff to hold his Toyota claim under counsel's advice—represents an egregious violation of any reasonable administrative timetable. The agency cannot leverage its own rule-making delays to escape judicial review.

**2. Congressional Intent:** Congress established the whistleblower program to incentivize and reward the pioneering advocates who bring corporate mechatronic defects to light. By delaying rulemaking for ten years, refusing to pay any pioneer, and maintaining total silence on active dockets, Defendants have actively thwarted and defeated the clear legislative mandate.

**3. Health, Welfare, and Public Safety Significance:**
**One million people perished in crashes since 2000. Truth-Tellers should be awarded not neglected.** The public interest and safety significance of fully implementing the mechatronic whistleblower awards is of paramount importance. In the modern era of software-defined mobility, automotive defects are no longer merely physical; they are mechatronic, buried deep within millions of lines of proprietary, unmonitored code. Traditional physical inspections are blind to these algorithmic defects. Only independent safety experts and technical standards pioneers possess the specialized mechatronic expertise to uncover these 'ghosts in the machine.' By stalling award determinations for a decade and retroactively locking out the very pioneers who inspired the Whistleblower Act, NHTSA has created a devastating 'chilling effect.' This regulatory vacuum discourages future insiders from speaking up, allowing automakers to utilize overnight over-the-air (OTA) software patches—a 'Digital Gaslight'—to quietly cover up mechatronic hardware defects and evade public recall dockets, actively compromising the lives of 300 million American motorists.

**4. Administrative Impropriety:** While the Court need not find bad faith, Defendants' selective use of administrative delays and retroactive cutoffs operates as an arbitrary, self-serving maneuver to avoid paying safety champions from the very multibillion-dollar penalties their evidence secured.

14. Because Plaintiff has exhausted all administrative avenues, and because Defendants refuse to issue a final reviewable order on either the 2016 GM docket or the newly formalized 2026 Toyota docket, Plaintiff is trapped in a classic regulatory bottleneck with no other adequate judicial or administrative remedy.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants, granting the following relief:

A. Declare that Defendants' failure to issue final award determinations on Plaintiff's December 22, 2016 GM claim and July 14, 2026 Toyota claim constitutes agency action 'unlawfully withheld' and 'unreasonably delayed' in violation of 5 U.S.C. § 706(1);
B. Order Defendants to issue and publish final award determinations on Plaintiff's December 22, 2016 GM claim and July 14, 2026 Toyota claim within thirty (30) days of this Court's order;
C. Order Defendants to issue a formal administrative response to Plaintiff's January 31, 2025 Petition for Reconsideration within sixty (60) days of this Court's order;
D. Retain jurisdiction over this matter to monitor compliance with the Court's orders; and
E. Grant Plaintiff such other and further relief as this Court deems just and proper.

Dated: July 16, 2026

Respectfully submitted,

Thomas M. Kowalick

**THOMAS M. KOWALICK**, *Plaintiff Pro Se*
305 South Glenwood Trail
Southern Pines, North Carolina 28387
Email: tkowalick48@gmail.com
Phone: 910-988-4249